UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE WRIGHT,

      Plaintiff,

v.                               Case No. 8:13-cv-2784-T-17AEP

CITY OF ST. PETERSBURG,

      Defendant.

_____

## ORDER

This cause is before the Court on the City of St. Petersburg's (hereinafter "City") Motion to Dismiss or in the alternative Motion for Summary Judgment (hereinafter "motion" or "motion to dismiss") (Doc. 16) filed March 4, 2014; and the Wright's Response in Opposition to the City's Motion to Vacate (Doc. 18) filed March 21, 2014. A review of the record and applicable law demonstrates that, for the following reasons, the motion must be **denied**.

## PROCEDURAL HISTORY

On March 29, 2013, Plaintiff, Bruce Wright, appealed a trespass issued by the defendant pursuant to 20-30(i). (Doc. 6, Ex. 3). On July 18, 2013, a Hearing Master upheld the trespass warning that was issued against Wright. (Doc. 6, Ex. 3). On August 16, 2013, Wright petitioned for Writ of Certiorari from the Decision of City Hearing Master pursuant to Fla. R. App. P. 9.030(c)(3). (Doc. 6, Ex. 4). Wright filed a Complaint against the City on September 29, 2013 seeking declaratory and injunctive relief, and damages pursuant to 42 U.S.C. § 1983. (Doc. 1). On November 20, 2013, City filed a Motion to Dismiss or Abstain. (Doc. 6). On December 20, 1013, Wright filed a Response in Opposition to the Motion to Dismiss. (Doc. 11). This Court

1

denied the Motion to Dismiss or Abstain on February 25, 2014. (Doc. 15). On March 4, 2014,

City filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. 16).

Wright then filed a Response to Defendant's Motion to Dismiss, or in the alternative, Motion for

Summary Judgment on March 21, 2014. (Doc. 18).

## FACTUAL BACKGROUND

In reviewing a motion to dismiss, the facts alleged in the complaint are assumed to be

true and must be construed favorably to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732

(11th Cir. 1998). The following facts from Wright's Complaint are, in relevant part: Wright was

arrested on March 27, 2013, for obstructing or opposing an officer, without violence, as St.

Petersburg Police Officer Laurenzi was attempting to make an arrest in Williams Park. (Doc. 1,

at 3). Pursuant to City Code § 20-30, Wright was trespassed from Williams Park, at 350 2nd

Avenue North, St. Petersburg, Florida, for one year. (*Id.*).

Section 20-30(i)(13) of the ordinance states that "[t]he trespass warning shall remain in

effect during the appeal and review process, including any judicial review." (*Id.* at 4). Williams

Park is a quintessential public forum, a natural and proper place for the exercise of First

Amendment rights. (*Id.*). Prior to the issuance of the trespass warning, Wright regularly

exercised his First Amendment rights to free speech, free exercise of religion, and assembly in

Williams Park. (*Id.* at 5). Williams Park is the location for Wright's advocacy and protest on

behalf of poor and homeless people because it is a park that attracts many poor and homeless

people and has been a battleground in the City's efforts to reduce the visibility of homelessness

from public view. (*Id.* at 6).

Wright had a press conference regarding police brutality at the local jail planned for

Williams Park on March 28, 2013, the day after he was issued a trespass warning banning him

2

from the park. (*Id.*). At the time, Wright did not know that he could request permission to enter

the park to exercise his First Amendment rights even though he had a trespass warning. The

trespass warning issued to Wright does not provide any information regarding requesting a

waiver of the trespass warning to exercise First Amendment rights. (*Id.*). Even if Wright had

been aware that he could request permission, he did not have sufficient time to request and

receive permission prior to the press conference on March 28, 2013. (*Id.* at 6-7). Wright was not

able to enter the park, and had to stand on the sidewalk outside of the park to speak. (*Id.* at 7).

The inability for Wright to be physically present in Williams Park interfered with the impact of

the press conference and the trespass warning had a chilling effect on Wright's constitutionally

protected expression. (*Id.*).

At the time Wright was issued the trespass warning, he was in the process of applying for

a permit from the City for a "May Day" rally in Williams Park to be held on May 1, 2013. (*Id.*).

May Day is an international day honoring workers and is a date when economic protests

generally are planned around the world. The "May Day" event was planned from 3:00 p.m. to

9:00 p.m. (*Id.*). Wright asked for a waiver of his trespass warning throughout the entire day to

allow time for set up and clean up for the event. (*Id.*). At 9:25 a.m. on May 1, 2013, counsel for

the City sent counsel for Wright a copy of a "Notice of Temporary Suspension of Trespass

Warning." (*Id.*). If Wright's request for a First Amendment waiver had been denied, he would

not have had time to seek judicial review of that decision prior to the May Day event. (*Id.* at 8).

## STANDARD OF REVIEW: MOTION TO DISMISS

A plaintiff's complaint must provide "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil

Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a

claim for relief that is "plausible" on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007), *see* Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a

motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

allegation"). In summary, "the pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678.


## STANDARD OF REVIEW: MOTION FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law. The court should state on the record the reasons for

granting or denying the motion." Fed. R. Civ. P. 56. The moving party bears the burden of

stating the basis for its motion for summary judgment and "identifying those portions of [the

record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, since there has been no opportunity for

discovery before the motion was filed, the motion is treated as a motion to dismiss. *See Snook v.*

*Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary

judgment should not be granted until the party opposing the motion has had an adequate

opportunity for discovery.")

4

## DISCUSSION

Wright's complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is "plausible" on its face. *See Ashcroft*, 556 U.S. at 678. This Court will show that, for the following reasons, the City's Motion to Dismiss should be **denied**.

Wright contends that his First Amendment rights were infringed by the trespass warning issued by the City. (Doc. 1 at 9). He argues that Section 20-30 is not narrowly tailored to meet a significant government interest, and does not allow him sufficient alternative venues for exercise of his rights. *Id.* These conclusions are backed by the fact that Wright was unable to attend a press conference on March, 28, 2013, due to the trespass warning that he received. (Doc. 1, at 6). Wright would not have been able to attend the press conference because he did not have sufficient time to request and receive permission before it began. (Doc. 1, at 6-7). Consequently, Wright was not allowed to enter the park, and was only permitted to stand on the outside of the park to speak. (Doc. 1, at 7). These facts, accepted as true, support the conclusion that Wright has a plausible claim for relief. *See Ashcroft*, 556 U.S. at 678.

Wright has standing because he suffered "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" when he was not allowed the opportunity to exercise his first amendment rights on March, 28, 2013. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). There was a "causal connection between the injury and the conduct complained of" because the City created Section 20-30 which allowed for the trespass warning and Wright's

5

injury. *See id.* Finally, it is "likely," that the injury will be "redressed by a favorable decision" because if the City is enjoined from issuing trespass warnings, Wright will not be prevented from expressing his First Amendment rights. *See id.* Further, monetary compensation may redress the injury alleged by Wright. *See id.*

Having reviewed the Motions and response, the Court concurs with the Plaintiff that the Motions should be denied. Accordingly, it is

**ORDERED** that the Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 16) be **denied**. The defendant has ten (10) days from this date to answer the complaint.

ORDERED at Tampa, Florida on Tuesday, the _10th_ day of July, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

6