**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BRUCE WRIGHT,

Plaintiff,

v.                                                                Case No. 8:13-cv-2784-T-EAK-AEP

CITY OF ST. PETERSBURG,

Defendant.
_____/

## *ORDER*

THIS CAUSE is before the Court on Defendant's, City of St. Petersburg (the "City"), motion for summary judgment (Doc. 44) and Plaintiff's, Bruce Wright ("Wright"), motion for partial summary judgment (Doc. 48). Wright has timely responded to the City's motion (Doc. 53) and the City has timely responded to Wright's motion. (Doc. 55).

## *BACKGROUND*

On October 29, 2013, Wright filed this Complaint (Doc. 1) for declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 for past and ongoing injury to his rights under the First and Fourteenth Amendments of the U.S. Constitution. Wright alleges the City issued a trespass warning,[1] under St. Petersburg City Code § 20-30(a), banning him from entering a city park for one year without adequate safeguards to protect his First and Fourteenth Amendment rights.

---

[1] Section 20-30, the trespass ordinance, "authorizes certain city employees, including police officers, to issue a 'trespass warning,' which warns persons on public property to depart from that property and not to return" for a certain period of time. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1265 (11th Cir. 2011).

On March 27, 2013, Wright was arrested for obstructing St. Petersburg Police Department Officer Laurenzi, as the officer was attempting to make an arrest on a warrant in Williams Park. Wright interfered with the officer's attempt to arrest the wanted individual, allowing the suspect to flee and avoid arrest. Further, Wright resisted arrest by fighting with the police officers. Ultimately, the Plaintiff pled guilty to the criminal charge.

Pursuant to § 20-30(a), Wright was issued a trespass warning for one year, since it was a first offense,[2] and was notified in writing of the trespass warning and his right to appeal. The trespass warning only applied to Williams Park, the location of his arrest. The Plaintiff remained free to enter any other open municipal park or property, as well as the right-of-way of Williams Park. Wright appealed the trespass warning and on July 18, 2013, the Independent Hearing Master ruled that the City had met its burden of proof by clear and convincing evidence and upheld the trespass warning. Plaintiff then sought review in the Sixth Judicial Circuit Court in and for Pinellas County. On July 23, 2014, a three judge appellate panel also upheld the trespass warning.

## *LEGAL STANDARD*

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

---

[2] According to § 20-30(d), a first-time offender will be given a trespass-warning for a period of one year, and a second, or subsequent, offense will be given a trespass-warning of no greater than two-years.

## ANALYSIS

**A. First Amendment**

In a public forum, such as a city park, "the government's right to regulate expression is subject to the protections of the First Amendment," but the government may "impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (citing *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984)). The test for determining whether a statute, code, or regulation violates a plaintiff's First Amendment rights has three-prongs: 1) it must be content-neutral; 2) it must be narrowly tailored; and 3) it must leave ample alternative channels for communication of the information.

**1. City Code § 20-30 is Content-Neutral**

The principle analysis under the First Amendment is whether the statute or code is content-neutral such that it is "justified without reference to the content of the regulated speech." *Clark*, 468 U.S. at 293. A hallmark of a content-neutral rule is one that is applied "evenhandedly" without respect to the content or the subject matter of the speech. *Heffron v. Intl. Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 649 (1981).

Here, § 20-30(a) applies evenhandedly "to any individual who violates any City ordinance, rule or regulation, or State law or lawful directive of a City employee or official . . . on or within a City facility . . . including municipal parks." This rule operates in complete disregard for the content of the speech that would potentially be prohibited. Wright has failed to show that § 20-30 is specifically designed to regulate a certain viewpoint or specifically targets a

disfavored message. Therefore, § 20-30 is content-neutral and satisfies the first prong of this analysis.

### 2. City Code § 20-30 is Narrowly Tailored

The city's regulation is also "narrowly tailored to serve a significant governmental interest." *Ward*, 491 U.S. at 796; (citing *Clark,* 468 U.S. at 293). An ordinance is considered narrowly tailored if the means chosen are not "substantially broader" than necessary to achieve the government's interest and so long as it promotes a significant government interest that would be less effective without it. *Ward*, 491 U.S. at 800; *Clark*, 468 U.S. at 297; *Kovacs v. Cooper*, 336 U.S. 77, 87 (1949).

Here, the trespass-warning ordinance is narrowly tailored since it excludes offenders, such as the Plaintiff, from a particular City facility or park for a limited period of time. Also, this ordinance does promote the significant government interest of reducing crime. As this Court has recently determined, "the elimination of Section 20–30 would marginalize the City's effort to prevent the recurrence of unlawful activity on public property." *Catron v. City of St. Petersburg*, 2009 WL 3837789, at *11 (M.D. Fla. Nov. 17, 2009). Therefore, § 20-30 is narrowly tailored and satisfies the second prong of the analysis.

### 3. City Code § 20-30 Leaves Open Ample Alternative Channels of Communication

The final prong of the analysis is whether the ordinance leaves open ample alternative channels of communication. *Ward*, 491 U.S. at 791. Wright alleges his ability to operate his ministry will be irreparably harmed by not being able to access Williams Park whenever he pleases. But, in *Daniel v. City of Tampa, Florida*, the Eleventh Circuit found that "unlimited access to the City-owned streets and sidewalks adjacent" to the prohibited area was sufficient to satisfy this prong of the analysis. 38 F.3d 546, 550 (11th Cir. 1994).

In *Daniel*, the Plaintiff was prohibited from entering a housing project where he had been protesting America's involvement in the Gulf War. *Id.* The Eleventh Circuit determined the Plaintiff had "ample alternative channels of communication" since he was able to "access the adjacent streets and sidewalks to distribute information to residents." *Id.* at 550. Here, as previously discussed, Wright's trespass warning only extends to the location of his arrest. Wright is free to travel on the sidewalk surrounding Williams Park and is free to visit any of the other municipal facilities or parks. There are ample alternative channels of communication available to Wright, and the record reflects he has frequently availed himself of them. Thus, this final prong of the analysis is also satisfied.

    **A.  Fourteenth Amendment**

In addition to the First Amendment claims, Wright alleges his Fourteenth Amendment rights have been violated since § 20-30(g) is unconstitutional, both facially and as applied. (Doc. 1). Wright alleges § 20-30(g) is unconstitutional since it fails to set "objective standards of review, granting unfettered discretion to grant or deny a request to enter traditional public fora for purposes of exercising First Amendment rights." (Doc. 1). The Due Process Clause of the Fourteenth Amendment requires that the "deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). The basic requirement of the Due Process Clause is that the plaintiff be given a hearing "at a meaningful time and in a meaningful manner," although the notice and hearing may be postponed until after the deprivation has occurred. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011); *Mathews v. Eldridge,* 424 U.S. 319 (1976).

Here, Wright's challenge to the ordinance fails because he was given a hearing at a "meaningful time and in a meaningful manner." *Id.* As stated above, Wright appealed the trespass warning and was given a hearing before the Independent Hearing Master. Further, Wright's claim fails because he cannot show a deprivation of a constitutionally protected interest. Wright has never been denied requested access to Williams Park and has, on at least one occasion, been granted a suspension of the trespass warning pursuant to § 20-30(g). For instance, on May 1, 2013, Wright was allowed to lawfully enter Williams Park to participate in a May Day celebration. Additionally, the City has explained that no one has ever been denied a suspension of a trespass warning when applying under § 20-30(g) for the opportunity to exercise his or her First Amendment rights or conduct municipal business. (Doc. 16, Ex. C.). Thus, Wright fails to show how his Fourteenth Amendment rights have been violated.

## *CONCLUSION*

Since the City of St. Petersburg Code § 20-30 is content-neutral, narrowly tailored, and allows ample alternative channels of communication, Mr. Wright's claims under the First Amendment are without merit. Further, Mr. Wright fails to show how his rights under the Due Process Clause of the Fourteenth Amendment have been violated. Accordingly, it is

**ORDERED** that the City's Motion for Summary Judgment (Doc. 44) is **GRANTED** and Wright's Motion for Partial Summary Judgment (Doc. 48) is **DENIED.** The Clerk of Court is directed to enter judgment for the Defendant and against the Plaintiff and to close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida on this 19th day of December, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.