UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE WRIGHT,

    Plaintiff,

vs.                                                     Case No. 8:13-cv-2784-T-17AEP

CITY OF ST. PETERSBURG,

    Defendant.

_____/

**DEFENDANT, CITY OF ST. PETERSBURG'S, RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER (DOC. 87)**

COMES NOW, the Defendant, City of St. Petersburg, and files its Response to Plaintiff's Objection to Magistrate's Order (Doc. 87) and as grounds thereof would state:

1. The Defendant, City of St. Petersburg, was the prevailing party in a suit brought by the Plaintiff, Bruce Wright. The Plaintiff, Bruce Wright, was ultimately assessed One Thousand One Hundred Twenty-four and 25/100 Dollars ($1,124.25) in costs. (Doc. 78).

2. To date the Plaintiff has not paid any of the costs.

3. The Defendant has previously taken the Plaintiff, Bruce Wright's, deposition in the underlying action. At that time it was discussed that the Plaintiff runs a ministry known as The Refuge. It is a ministry he co-founded and that he runs. It is also affiliated with other organizations such as My Place in Recovery. (Deposition of Bruce Wright, 8/12/14, p.10:14-21).

4. Bruce Wright has received money from The Refuge and its affiliated groups. He has supported himself on donations made to The Refuge. (Deposition of Bruce Wright, 8/12/14, p. 13:19 – p. 14:14). At times Bruce Wright has claimed he received as much as $2,667.00 a

month, including $500.00 a month for gas, $800.00 for meals and $200.00 a month for entertainment. (Deposition of Bruce Wright, 8/12/14, p. 13:19 – 14:14).

5. The Defendant is also aware of the media controversy regarding the amount of money Bruce Wright was paying himself from donations to The Refuge.

6. On September 26, 2017, the Defendant, City of St. Petersburg, attempted to take the deposition of Bruce Wright in aid of execution of the cost judgement. Mr. Wright claims to be unemployed and thus unable to pay any of the costs he owes the City. (Doc. 79-1, p. 5:15-19). Plaintiff states that his ministry The Refuge pays his expenses such as his house, living expenses, etc.

7. Given the history of Bruce Wright using donations from The Refuge to pay for things such as gas and entertainment, as well as housing, food, etc., the City of St. Petersburg was interested in exploring the current financial relationship between The Refuge and Bruce Wright. Specifically, whether Bruce Wright is utilizing the organization to essentially pay him without calling it a salary, and thus allowing him to avoid paying various judgments he owes. (See Doc. 79-1, p. 11:9-19).

8. Counsel for Defendant, City of St. Petersburg, asked Bruce Wright:

"How much money does The Refuge bring in, say on a weekly or monthly basis?"

(Doc. 79-1, p. 10:16-17).

9. Counsel for Bruce Wright instructed the Plaintiff not to answer the question. (Doc 79-1, p. 10:23).

10. When Counsel for the City of St. Petersburg asked what privilege he was asserting, counsel for Plaintiff stated "financial privilege". (Doc. 79-1, p. 11:7).

11. Counsel for the City of St. Petersburg discussed this issue with counsel for Bruce Wright and gave the Plaintiff at least three chances to answer. (Doc. 79-1, p. 12:1-3; p. 12:9-14; pp. 12-13:24-2).

12. The City of St. Petersburg was attempting to determine how much money was available for Bruce Wright regardless of how he chose to label it.

13. Counsel may direct a witness not to answer a question to preserve a privilege. However, it must be a valid privilege. Instructing a witness not to answer due to an unrecognized privilege is improper. *Gober v. City of Leesburg*, 197 F.R.D. 519 (M.D. Fla. 2000) (no "financial privilege" recognized under Florida law). Ordering the disclosure of the objected to information is appropriate. *Id.* Further, because the information is not privileged the Defendants are entitled to an award of sanctions. *Id.*

14. Instructing a witness not to answer is disfavored by the Court. *Bank of America v. Russo,* 2013 WL 12158131 (M.D. Fla. 2013). In such circumstances where no privilege exists, an award of reasonable sanctions is appropriate. *Id.* See also *U & I Corporation v. Advanced Medical Design, Inc.*, 2008 WL 11336671 (M.D. Fla. 2008).

15. On December 4, 2017 the Honorable Anthony E. Porcelli heard argument and entered an order requiring Plaintiff, Bruce Wright, to respond to an interrogatory concerning the amount of money brought in by The Refuge. Following that the City of St. Petersburg would be allowed to continue with the deposition of Bruce Wright, if necessary. (Doc. 85).

16. The Plaintiff has objected to the Magistrate's Order. Defendant, City of St. Petersburg, files this response asking this Court to overrule the objection and allow the discovery to proceed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed and served via CM/ECF to Kirsten Anderson, Esquire, Jodi Siegel, Esquire, Southern Legal Counsel, Inc., 1229 N.W. 12th Avenue, Gainesville, FL 32601, Kirsten.clanton@southernlegal.org; jodi.siegel@southernlegal.org and Richard A. Gilbert, Esquire, de la Parte & Gilbert, P.A., 101 E. Kennedy Blvd., Suite 2000, Tampa, FL 33602, Primary email: rgilbert@dgfirm.com, Secondary: serviceclerk@dgfirm.com, this 9th day of January, 2018.

                              OFFICE OF THE CITY ATTORNEY
                              FOR THE CITY OF ST. PETERSBURG

                              /s/ Joseph P. Patner
By:    JOSEPH P. PATNER
        Executive Assistant City Attorney
        P.O. Box 2842
        St. Petersburg, FL 33731
        (727) 893-7401
        FBN 831557/SPN: 01798453
        eservice@stpete.org
        joseph.patner@stpete.org